[No. 5940. Decided March 26, 1906.]

John Service, *Appellant*, v. A. F. McMahon *et al.*,
*Respondents.*[1]

Limitation of Actions — Commencement — Foreclosure of Mechanics' Lien. Bal. Code, § 4807, providing that an action shall be deemed commenced when the complaint is filed, applies to the commencement of an action to foreclose a mechanics' lien, which is accordingly barred if the complaint is not filed within eight months after the filing of the lien.

Mechanics' Lien—Foreclosure—Dismissal—Right to Personal Judgment—Waiver. In an action to foreclose a mechanics' lien which is not commenced within the eight months limited by law for the commencement of such actions, the plaintiff cannot complain of a general judgment of dismissal of the action, when no request was made to preserve the plaintiff's right to a personal judgment, but an unconditional judgment of dismissal was invited, preserving only his right of appeal.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered July 29, 1905, dismissing an action to foreclose a mechanics' lien, upon sustaining a demurrer to the complaint. Affirmed.

*Pence & Rhodes, C. G. Pence, Harry A. Rhodes,* and *M. F. Mendenhall,* for appellant.

*Barnhart, Laughon & Pugh,* for respondents.

Hadley, J.—This action was brought to foreclose a lien for lumber and material furnished in the construction of a building. The complaint alleges that the lien notice was filed for record on May 25, 1904. The complaint was not filed until January 30, 1905. Demurrer to the complaint was interposed on several grounds, and among them that the action was not commenced within the time limited by law. The demurrer was sustained and the plaintiff having refused to plead further, judgment was entered dismissing the action. The plaintiff has appealed.

[1]Reported in 85 Pac. 33.

Several questions are discussed as being involved in the ruling on the demurrer. But we think that the question raised as to the statute of limitations is decisive of the case. An affidavit in the record shows service of the complaint and summons upon some of the defendants within eight months of the filing of the lien notice; but the complaint was not filed until after eight months had expired. Bal. Code, § 5908, provides that no lien of the class sought to be enforced here shall bind the property subject to the lien for a longer period than eight calendar months, after the claim has been filed, unless an action be commenced in the proper court within that time to enforce such lien. Appellant contends that the service of the summons and complaint upon some of the defendants was a commencement of the action within the meaning of the statute. Reference is made to the general practice act, Bal. Code, § 4869, in support of appellant's view that service of the summons was a commencement of the action as is contemplated by the lien limitation statute. Turning, however, to the statute on the general subject of limitations, we find that Bal. Code, § 4807, provides that "an action shall be deemed commenced when the complaint is filed." It was held in *Cresswell v. Spokane County*, 30 Wash. 620, 71 Pac. 195, that under said statute no matter how or when actions may be commenced for other purposes, yet in order to escape the statute of limitations, the complaint must be filed within the prescribed limitation period. Appellant argues that the case cited dealt only with the general statute of limitations, and that the section from which we have quoted is a part of the chapter on that general subject, but that the provision as to limitation of actions to foreclose liens is found in another chapter pertaining to another subject. While that is true, yet we are unable to distinguish the cited case in principle from the one at bar. Bal. Code, § 4796, is also a part of the chapter on the general subject of limitations, and that section provides that actions can only be commenced within

the periods in said chapter prescribed, "except when in special cases a different limitation is prescribed by statute." It is thus recognized that there may be special limitations provided other than those prescribed in that chapter, and that the same rules of practice shall apply to them. Such special cases are thus brought under the general scheme of limitation procedure. Section 5908, *supra,* provides such a special limitation of eight months. It is essentially a statute of limitations, and must therefore be controlled by the same rules of practice with reference to the commencement of actions as though it were included in the general chapter on that subject. *Cresswell v. Spokane County, supra,* is therefore decisive against appellant's contention.

It is further urged that, even though the right to enforce the lien is barred, the court nevertheless erred in dismissing the action, for the reason that appellant is at least entitled to a personal judgment as prayed in the complaint. The record is in a peculiar condition as bearing upon the action of the court in that regard. An order was entered sustaining the demurrer, and afterwards appellant himself filed the following motion in the case:

"Comes now the plaintiff herein and respectfully shows this honorable court that heretofore in this cause this court sustained defendants' demurrer to plaintiff's complaint, and since that time no further order has been made in said cause, and the defendants have not filed their judgment. That in order for plaintiff to perfect his appeal, it will be necessary for this court to make an order dismissing said cause. Wherefore plaintiff moves this court for an order dismissing said above entitled cause without prejudice to plaintiff's right to appeal herein."

The above motion appears to have been filed July 30, but the judgment of dismissal as shown by the record was filed July 29. We are unable to account for this inconsistency. It is possible that appellant was not advised that the judgment had been filed when he filed his motion asking for the

dismissal. The fact is, however, that appellant's written request was filed, asking for the judgment that was rendered, in order that he might appeal. It nowhere appears that he requested the court to preserve his right to have a personal judgment, notwithstanding the failure of the lien, but he unconditionally invited the general judgment of dismissal. He is therefore not in position to ask a reversal in order that he may now have a personal judgment in this action.

The judgment is affirmed.

Mount, C. J., Root, Fullerton, Crow, and Dunbar, JJ., concur.