[No. 24818. Department One. March 15, 1934.]

W. T. DAVIS, *Appellant,* v. D. W. WILLIAMS *et al.,*
*Respondents.*[1]

*A. E. Dailey,* for appellant.

*Lloyd L. Black, J. Y. Kennedy,* and *J. L. Rucker,* for
respondents.

STEINERT, J.—This is an action to recover for work
performed and material furnished, and to foreclose
asserted liens therefor. After trial before the court,
findings of fact, conclusions of law and judgment were
entered granting plaintiff recovery in the amount sued
for, but refusing to allow and establish the claims as
liens upon the property. Plaintiff has appealed.

The record discloses that the liens here involved
were duly filed, and that thereafter, within eight cal-
endar months, suit was initiated by the service of sum-
mons and complaint. The complaint, however, was
not *filed* until after the expiration of the eight months'

[1]Reported in 30 P. (2d) 668.

period, although, in the meantime, issues between the various parties to the action had been joined. The ultimate question here is whether, under the procedure followed by appellant, the liens retained their initial validity. Upon this question hinges the correctness of the court's ruling.

The section of the lien law with reference to mechanics and materialmen is Rem. Rev. Stat., § 1138, which, so far as is pertinent here, reads as follows:

"No lien created by this chapter binds the property subject to the lien for a longer period than eight calendar months after the claim has been filed unless an action be commenced in the proper court within that time to enforce such lien; . . ."

This statute limits the duration of the liens to the period of eight calendar months from the time of their filing, unless an action to foreclose such liens be commenced within that period. *City Sash & Door Co. v. Bunn,* 90 Wash. 669, 156 Pac. 854, Ann. Cas. 1918B, 31.

In order to toll the statute of limitations, the complaint must be filed within the statutory time. The exact question has several times been decided by this court. *Cresswell v. Spokane County,* 30 Wash. 620, 71 Pac. 195; *Service v. McMahon,* 42 Wash. 452, 85 Pac. 33; *White v. Coleman,* 146 Wash. 148, 262 Pac. 232. It is unnecessary for us to add anything to what has already been so explicitly stated in those cases.

The statute not having been tolled, the liens expired by limitation. The court was therefore correct in refusing to enforce them.

The judgment is affirmed.

BEALS, C. J., MAIN, MITCHELL, and MILLARD, JJ., concur.