**In the Matter of Texas WARREN, whose wife's name is Betty Jane Warren, Bankrupt.**

No. 45830.

United States District Court
W. D. Washington, N. D.

March 27, 1961.

James T. Johnson, Seattle, Wash., for bankrupt.

Miracle, Treadwell & Pruzan, Seattle, Wash., for trustee.

Willard Hatch, Seattle, Wash., for petitioner-creditor, Sunset Glass Co.

Powell, Johnson & Livengood, Kirkland, Wash., for petitioners-creditors Francis Wicklund and Martin Sampont.

LINDBERG, Chief Judge.

Petitioners in this bankruptcy review are creditors of the bankrupt, Texas Warren, and assert lien claims against the bankrupt's estate. All three petitioners—Sunset Glass Company, Francis Wicklund and Martin Sampont—obtained their liens for labor and materials supplied to the property of the bankrupt and the liens were perfected prior to the date of bankruptcy in accordance with the

procedure set out in chapter 60.04 of the Revised Code of Washington.

■ A mechanic's lien in Washington, as in many other states, is entirely created by statute and the statute prescribes the steps which must be taken to enforce it. R.C.W. 60.04.100 [1] requires that a suit to enforce a mechanic's lien must be commenced within eight calendar months from the date the lien was filed for record with the county auditor. Unless this procedure is followed the lien will cease to exist.

Petitioner Cowdin, doing business as Sunset Glass Company, commenced a suit in the King County Superior Court to enforce his lien within a few days of the expiration of the eight-month period, but subsequent to the date of bankruptcy. No permission to institute this suit was secured or sought from the trustee in bankruptcy although the trustee was served with a copy of the summons and complaint. The trustee then secured an injunction from the bankruptcy court against further proceedings in the state court action. Several months later, but within six months from the date of the first meeting of creditors, petitioner Cowdin filed a proof of secured claim as required by section 57 of the National Bankruptcy Act,[2] hereinafter called the Act.

Petitioner Sampont took no steps to enforce his lien in state court nor did he file any claim in bankruptcy court within the state statutory eight-month period. He did, however, file proof of a secured claim within the time prescribed by section 57 of the Act.

Petitioner Wicklund has neither taken any state action to enforce his lien nor has he filed any claim in bankruptcy court.

The referee determined that none of the petitioners were secured creditors because they had failed to file a claim within the state statutory eight-month period although petitioners Cowdin and Sampont would be allowed to share in the eventual distribution as general creditors. Parenthetically it should be noted that the referee also found petitioner Cowdin's lien invalid as not being filed in "good faith." This issue will be discussed later.

The principal question presented by this review is, what are the proper steps to be taken by a Washington statutory mechanic's lienholder to preserve his lien when a petition in bankruptcy is filed against the debtor subsequent to the perfection of the lien but prior to any attempt at enforcement? The answer to this question involves the interrelationship of the National Bankruptcy Act and the state law of Washington.

In Peterson v. Dillon, 27 Wash. 78, 87, 67 P. 397, 400, the Supreme Court of the State of Washington construed R.C.W. 60.04.100 to be a statute of duration. That is, it limits the right itself, not merely the remedy. The court there stated:

> "The mechanic's lien is altogether a creation of the statute, and is circumscribed by the terms of its own creation. * * * The statute does not give the mechanic a right to his debt, but furnishes a remedy for its collection. * * * But the lien given on a specific piece of property for work done thereon, and the right to foreclose the same does not exist independent of the statute. The statute creates and limits the duration of the lien. *When the limit fixed by the statute for the duration of the lien is passed, no lien exists, any more than if it had never been created.*" (Emphasis added.)

See also: Service v. McMahon, 42 Wash. 452, 85 P. 33; City Sash & Door Co. v. Bunn, 90 Wash. 669, 156 P. 854; Davis v. Williams, 176 Wash. 604, 30 P.2d 668.

---

1. "Duration of Lien—Limitation of Action: No lien created by this chapter binds the property subject to the lien for a longer period than eight calendar months after the claim has been filed unless an action be commenced in the proper court within that time to enforce such lien * * *."

2. 11 U.S.C.A. § 93.

It has been suggested that section 11, sub. f of the Act[3] might be construed to toll the operation of R.C.W. 60.04.100. However, there are two reasons why this argument is not valid. First, there is nothing in the legislative history of section 11, sub. f which indicates that Congress intended that it apply to other than ordinary statutes of limitation. Secondly, section 11, sub. f refers to a statute of limitations "affecting the debts of a bankrupt." Here we are concerned with a statute which affects the security for the debt, not the debt itself.[4] Consequently, section 11, sub. f cannot operate to toll this particular statute and it is therefore incumbent upon the lienholder to take some overt action to preserve his security interest.

Petitioners Wicklund and Sampont, unlike petitioner Cowdin, take the position that there is no requirement for a secured creditor to file any claim whatsoever and that he may ignore the bankruptcy proceedings and rely exclusively upon his security.

The answer to this is that section 57, sub. n of the Act requires that all claims be filed with the bankruptcy court, including secured claims. The only exception to this requirement is when the creditor has in his possession sufficient security, i. e., property, to satisfy his claim. But, the property must be "properly and solely in his possession." United States Nat. Bank in Johnstown v. Chase Nat. Bank, 1947, 331 U.S. 28, 33, 67 S.Ct. 1041, 1044, 91 L.Ed. 1320. Here, on the date of bankruptcy, title and right to possession of the real estate to which petitioners' liens were attached vested in the trustee, subject to the liens. Isaacs v. Hobbs Tie & Timber Co., 1931, 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645. Thus, there was no security in the possession of petitioners which could be used to satisfy their liens. When the state statutory eight-month period ended so did the lien. It ceased to exist and any later filing of a claim in the bankruptcy court could not operate to revive it. Therefore, as to petitioners Sampont and Wicklund the decision of the referee must be affirmed.

On the other hand, petitioner Cowdin is in an entirely different position. Not only did he commence a timely suit in state court to enforce his lien, (although it was later enjoined) he also filed a proof of secured claim in the bankruptcy court within six months of the first meeting of creditors. Notwithstanding both of these steps the referee determined that his secured claim was invalid because he did not file his proof within the eight-month duration period. It is difficult to follow the logic of this result. Clearly, while the injunction is in effect and pending final judgment in state court, the lien is preserved. Consequently, when petitioner Cowdin filed his proof of claim he had an existing lien and he should be entitled to the status of a secured creditor. This court has been unable to find any authority, either in the Act or the cases, which would support a finding that the proof of claim must be filed within the state statutory period when the lienholder has commenced a timely action to foreclose his lien. As long as the lien is still valid and existing at the time a proof of secured claim is filed and the requirements of section 57 are complied with the claimant is, in my opinion, a secured creditor.

As mentioned earlier, the referee also found that petitioner Cowdin's lien was invalid as not asserted in "good faith." This court will not set aside a finding of fact made by the referee unless it is clearly erroneous. However, the record in its present state raises a doubt

3. 11 U.S.C.A. § 29, sub. f. "The operation of any statute of limitations of the United States or of any State, affecting the debts of a bankrupt provable under this Act, shall be suspended during the period from the date of the filing of the petition in bankruptcy * * *."

4. Expiration of the lien does not destroy the right to recover a personal judgment for the debt. Service v. McMahon, 1906, 42 Wash. 452, 85 P. 33.

as to the sufficiency of this finding. Since the cause must be remanded for error of law it would seem desirable that there be further hearings and more specific findings of fact made on this particular issue.

It is therefore directed that an order or orders be submitted on notice in accordance with this memorandum opinion.