**In re HUNTERS RUN LIMITED PARTNERSHIP, Debtor.**

**Bankruptcy No. 86–01667–Y11.**

United States Bankruptcy Court,
W.D. Washington,
at Seattle.

Jan. 30, 1987.

---

Jeffrey L. Carey, Barney, Weiner & Olwell, Seattle, Wash., Dennis Perkins, Fred B. Barnhart, Bellevue, Wash., Curtis P. Thomson, Edmonds, Wash., John Arrabito, Lynnwood, Wash., Gregory S. Wilson, Seattle, Wash., Larry Elhart, Bothell, Wash., Mark Wittman, Redmond, Wash., James T. Derrig, Michael Goldfarb, Michael McCormack, Seattle, Wash., Martin Snodgrass, Bellevue, Wash., and James Purcell, Seattle, Wash., for lien claimants.

Willard Hatch, Seattle, Wash., for debtor.

## OPINION ON OBJECTIONS TO LIEN CLAIMS

SAMUEL J. STEINER, Bankruptcy Judge.

### ISSUES—FACTS—CONTENTIONS

This matter is before the Court on the debtor's objections to lien claims. The narrow issue is what must a Washington statutory mechanic's lien claimant do to preserve or perfect the lien, if anything, when a bankruptcy is filed after the recording of the Notice of Claim of Lien but before commencement of a foreclosure proceeding. The ruling requires the Court to construe R.C.W. 60.04.100 (the State statute governing the time in which a lien foreclosure must be commenced) and Section 108(c) of the Bankruptcy Code.

The facts as to each claimant vary to some degree. However, the posture of all is the same. All of the claimants provided labor or furnished materials to or on realty which became part of the estate. All were entitled to liens under R.C.W. 60.04.040 which grants a lien to one who improves real property. All duly recorded a Notice of Claim of Lien with the King County Recorder pursuant to R.C.W. 60.04.060. Thereafter, this Chapter 11 case was filed on March 12, 1986. After filing, none of the claimants filed a notice under Section 546(b) of the Code, nor did any obtain relief from the stay and commence a foreclosure within the time required by law. During the course of the Chapter 11, and after the expiration of the time for foreclosure as applied to each claimant, the realty was sold free and clear of liens and encum-

brances with liens attaching to the proceeds of sale.[1]

The debtor has now objected to the claims, contending in effect that the Washington statute which requires a lien foreclosure to be commenced within eight months of the date of the recording of the notice is a statute of duration rather than one of limitation, and the liens have expired because the claimants failed to perfect by filing notices under Section 546(b) or because they failed to obtain relief from the stay and commence foreclosures within the eight-month period.

On the other hand, the claimants contend that their liens were perfected by recording prior to filing; that R.C.W. 60.04.100 is a statute of limitations which is tolled by Section 108(c) of the Code; and therefore they were not required to give notice under Section 546(b) or to do anything else to perfect or preserve the liens after filing.

### DISCUSSION

R.C.W. 60.04.100 states:

"No lien created by this chapter binds the property subject to the lien for a longer period than eight calendar months after the claim has been filed unless an action be commenced in the proper court within that time to enforce such lien ..."

Washington Courts have held the statute to be one of duration rather than limitation. *Peterson v. Dillon*, 27 Wash. 78, 67 P. 397 (1901); *In re Warren*, 192 F.Supp. 801 (1961).

In *In re Warren, supra*, which is binding on this Court, the District Court ruled the statute to be one of duration, and consequently Section 11 of the Bankruptcy Act (the predecessor to the present Section 108(a) of the Code) did not toll the running of R.C.W. 60.04.100. The debtor argues that subsequent cases confirm the holding of *In re Warren, supra*, while the claimants argue to the contrary contending that certain language from *Curtis Lumber Co. v. Sortor*, 83 Wash.2d 764, 522 P.2d 822 (1974), which has been repeated in *J.R.*

*Simplot Co. v. Vogt*, 93 Wash.2d 122, 605 P.2d 1267 (1980), and in *Kinskie v. Capstin*, 44 Wash.App. 462, 722 P.2d 876 (1986) controls. The specific language is:

"We must conclude, therefore, that R.C.W. 60.04.100 is a statute of limitations upon the duration of a mechanics' lien."

*Curtis Lumber, supra*, 83 Wash.2d at 767, 522 P.2d 822.

Obviously, the statute cannot be both as the above quote may suggest. *Black's Law Dictionary*, 5th Ed., defines a "statute of limitation" as "... declaring that no suit shall be maintained on such causes of action ... unless brought within a specified period of time after the right accrued." *Black* defines "duration" as "The portion of time during which anything exists." In short, when a statute of limitations expires, a claim still exists, but the ability to enforce the claim has lapsed. When a statute of duration expires, nothing remains.

This Court concludes that the Washington cases have established that R.C.W. 60.04.100 is a statute of duration. Inasmuch as the statute expired without the claimants having commenced foreclosures, the claimants no longer have liens against the realty or against the proceeds from its sale, unless Section 108(c) of the Code tolled the running of the eight-month period.

Initially, there is nothing in the legislative history of Section 108(c) or its predecessor, Section 11(f) of the Bankruptcy Act, which indicates that they were intended to apply to other than ordinary statutes of limitation. The claimants argue that the difference between a statute being durational or limitational is a distinction without a difference. This may well be true in many contexts. However, the legislative histories of Section 108(c) of the Code and Section 11(f) of the Act indicate that the sections were intended to correct the situation whereby a creditor survives a bankruptcy with a viable claim which can no longer be sued on because the statute of

---

1. See *Dizard & Getty, Inc. v. Wiley*, 324 F.2d 77 (9th Cir., 1963).

limitations has run. A durational statute such as R.C.W. 60.04.100 does not fit this scenario.

■ Secondly, Section 108(c) speaks to a statute of limitations on a "claim against the debtor". In this case, as in *In re Warren, supra,* a mechanic's or materialman's lien in the State of Washington is not a claim against the debtor but is against the realty or the security for the debt. This reason alone, regardless of the possible limitational—durational distinction, prevents Section 108(c) from tolling the operation of R.C.W. 60.04.100.

■ Accordingly, this Court concludes that Section 108(c) did not toll the running of R.C.W. 60.04.100 which is a statute of duration. This Court further concludes that *In re Warren, supra,* remains the controlling precedent. This Court also concludes that in the State of Washington a claimant holding a duly recorded mechanic's or materialman's lien must take some affirmative action following the filing of a bankruptcy to preserve its lien status where no action has yet been taken pursuant to R.C.W. 60.04.100, and that the action must be taken within the eight-month period required by the statute.

■ None of the claimants took action following the filing of bankruptcy to preserve their liens. Inasmuch as the eight-month period set forth in R.C.W. 60.04.100 expired prior to the sale, the liens had ceased to exist by the time of the sale, and there was nothing that attached to the proceeds. The claimants in this category who have not defaulted include Miner Corporation, Duane Hell Construction Co., Inc., Ultra Roof Company, Quality Curbing Corporation, Olds Olympic, Inc., Emerald Painting Company, North City Lumber Company, Inc., John Hand, d/b/a Ball's Rockeries & Excavating, Leggs Cleaning Service, Amfac Distribution Corporation, d/b/a Amfac Plumbing Supply Co., Sullivan Trucking & Excavating Co., Inc., Sunrich Floor Coverings, Inc., Perennial Landscapes, Inc., Robert Clark, d/b/a Bob Clark Landscaping, and Electric Electric, Inc.

The debtor has argued that perfection of a mechanic's or materialman's lien under Washington law is a two step process which requires both the recording of a Notice of Claim of Lien with the County Recorder pursuant to R.C.W. 60.04.060 and the commencement of a foreclosure within eight months as required by R.C.W. 60.04.100. Thus, the debtor contends that the proper way for a Washington lien claimant to preserve the lien status following the filing of a bankruptcy petition is by filing a notice of perfection in accord with Section 546(b). The Court has considerable doubt whether Section 546(b) is applicable under these circumstances.

■ An argument can also be made to the effect that the only way in which a Washington lien claimant can preserve its lien after the filing of a bankruptcy is to obtain relief from the automatic stay and commence a foreclosure within the eight-month period. This argument was not made by the debtor. However, the Court feels that this is the only safe method in which a claimant can preserve its lien.

### CONCLUSION

1. R.C.W. 60.04.100 is a statute of duration.

2. The statute ran without the claimants having commenced foreclosures, and the liens expired. The claimants have no claims against the proceeds from the sale.

3. Section 108(c) of the Code did not toll the running of R.C.W. 60.04.100.

Pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, this opinion will suffice for whatever Findings of Fact and Conclusions of Law that may be necessary.

Counsel for the debtor will present an appropriate Order on due notice to the parties.