In re HUNTERS RUN LIMITED PARTNERSHIP, Debtor.

MINER CORPORATION,

and

John Hand, dba/Sunny Day Cement Company, Appellant,

v.

HUNTERS RUN LIMITED PARTNERSHIP, Appellee.

No. 88–3735.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 1, 1989.

Decided May 26, 1989.

Larrie E. Elhart, Elhart, Frits, Knowles & Van Berkem, Bothell, Wash., for appellant.

Michael D. Bohannon, Hatch & Leslie, Seattle, Wash., for appellee.

Before ALARCON, FERGUSON and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

John Hand, d/b/a Sunny Day Cement Co. ("Hand"), appeals the district court's order concluding that Hand's Washington state mechanic's lien had expired during pending bankruptcy court proceedings. We hold that 11 U.S.C. § 108(c) tolled the statutory enforcement period governing Hand's lien, reverse and remand.

## I

## FACTS

The facts are not in dispute. Between July 17 and August 5, 1985, Hand furnished labor and materials to certain real property of the debtor commonly known as the Hunters Run Apartments. On September 13, 1985, Hand recorded with the King County Department of Records a Claim of Lien against the property in the amount of $15,500, pursuant to Revised Code of Washington ("RCW") section 60.04.060.[1]

On March 11, 1986, the subject property was conveyed to Hunters Run Limited Partnership ("Hunters Run"). On March 12, 1986, Hunters Run filed its petition for relief under Title XI U.S.C. Ch. 11. Thereafter, the subject property was sold pursuant to an order of the bankruptcy court. Under this order, the property was sold free and clear of liens and encumbrances. All liens were transferred to the proceeds

---

1. RCW 60.04.060 provides in part:
No lien created by this chapter shall exist, and no action to enforce the same shall be maintained, unless within ninety days from the date ... of the cessation of the performance of such labor ... a claim for such lien shall be filed for record as hereinafter provided, in the office of the county auditor of the county in which the property, or some part thereof to be affected thereby, is situated.... Wash.Rev.Code Ann. § 60.04.060 (West Supp. 1989).

of the sale, with validity and priority to be determined at a later date. Hunters Run objected to Hand's lien claim on the ground that it had expired under Washington law.

Following hearings on Hunters Run's Application for Determination of Validity and Priority of Liens, the bankruptcy court ruled in a published opinion that Hand's lien against the property ceased to exist when the eight-month statute of duration in RCW 60.04.100 [2] expired without action by Hand to preserve his lien. *In re Hunters Run Limited Partnership*, 70 B.R. 297 (Bankr.W.D.Wash.1987). The district court issued an unpublished order affirming the opinion of the bankruptcy court. Both the bankruptcy court and the district court concluded that RCW 60.04.100 is a statute of duration rather than limitation; consequently, under *In re Warren*, 192 F.Supp. 801 (W.D.Wash.1961), the eight-month lien enforcement period of RCW 60.04.100 was not tolled by 11 U.S.C. § 108(c).

## II

## ANALYSIS

This appeal involves only issues of statutory interpretation. We therefore review the decisions of the bankruptcy and district courts de novo. *In re American Mariner Industries, Inc.*, 734 F.2d 426, 429 (9th Cir.1984).

### A. *Applicability of In re Warren*

Hand's principal argument on appeal is that section 108(c) of the Bankruptcy Code tolled the eight-month enforcement period in RCW 60.04.100 once Hunters Run had filed its petition in bankruptcy. Section 108(c) provides in relevant part:

... if applicable non-bankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

11 U.S.C. § 108(c) (Supp. V 1987). Hand argues that RCW 60.04.100 is "applicable non-bankruptcy law" to which section 108(c) applies.

Both the bankruptcy court and the district court disagreed. Relying heavily on *In re Warren*, 192 F.Supp. 801 (W.D.Wash. 1961), which held that the predecessor to section 108(c) did not apply to toll RCW 60.04.100, both courts emphasized that Washington's Mechanic's Lien Statute is a statute of duration, not one of limitation.[3] They then tracked the reasoning of *In re Warren*, explaining that: (1) "nothing in the legislative history of section 108(c) or its predecessor, section 11(f) of the Bankruptcy Act ... indicates that they were intended to apply to other than ordinary statutes of limitation" (*Hunters Run*, 70 B.R. at 299) and; (2) that section 108(c) applies to a "claim against the debtor" while a Mechanic's Lien "is not a claim against the debtor but is against the realty or the security for the debt." *Id.* at 300.

**2.** RCW 60.04.100 provides in part:
  No lien created by this chapter binds the property subject to the lien for a longer period than eight calendar months after the claim has been filed unless an action be commenced in the proper court within that time to enforce such a lien ...
  Wash.Rev.Code Ann. § 60.04.100 (West Supp. 1989).

**3.** Much is made in the parties' briefs of the duration/limitation distinction. Hand argues

that the Washington courts no longer view the statute as durational, and now view it as limitational. *Compare Curtis Lumber Co. v. Sortor*, 83 Wash.2d 764, 522 P.2d 822 (1974) *with Bellevue School District No. 405 v. Brazier Const. Co.*, 103 Wash.2d 111, 691 P.2d 178 (1984). We need not address this largely semantic question. As we explain *infra*, the distinction *was* significant under the old Bankruptcy Act because section 108's predecessor applied specifically to "statutes of limitation."

Reliance on *In re Warren* is outdated. Modern section 108(c) differs significantly from old section 11(f). Section 11(f), by its terms, suspended only "statutes of limitation."[4] The *In re Warren* court thus read the section literally when it excluded RCW 60.04.100 from section 11(f)'s scope. *In re Warren*, 192 F.Supp. at 804. Section 108(c), however, is not limited to statutes of limitation. It applies to "applicable non-bankruptcy law," whatever that law may be. Under well-settled principles of statutory construction, it no longer matters whether RCW 60.04.100 is durational or limitational.

Plainly read, section 108(c) encompasses RCW 60.04.100, an "applicable non-bankruptcy law" that "fixes a period for commencing a civil action in a court other than a bankruptcy court on a claim against the debtor." *See, e.g., Richards v. United States*, 369 U.S. 1, 9, 82 S.Ct. 585, 591, 7 L.Ed.2d 492 (1962) (In cases involving statutory construction we assume "that the legislative purpose is expressed by the ordinary meaning of the words used.") And while the legislative history of section 108(c) does mention "statutes of limitation" in describing the statute's purpose, that history in no way suggests that section 108 is to be read so narrowly as to exclude statutes like Washington's mechanic's lien law. *See Consumer Product Safety Commission v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980) ("Absent a clearly expressed legislative intention to the contrary, [statutory] language must ordinarily be regarded as conclusive") *and see* H.R.Rep. No. 95–595, 95th Cong., 2d Sess. 318 (1978), U.S. Code Cong. & Admin.News 1978, pp. 5787, 6275.

Further, while it is true that section 108(c) refers only to a "claim against the debtor," this language must be interpreted according to the rules of construction set forth in 11 U.S.C. § 102, which provides in pertinent part:

In this title—...

(2) "claim against the debtor" includes claim against property of the debtor.

11 U.S.C. § 102(2) (1982). Thus Hunters Run's argument that Hand's claim is not "against the debtor" but is instead "against the realty or security for the debt" is unavailing. Moreover, reliance on *In re Warren* is again misplaced. The old statute (section 11(f)) referred only to "debts of a bankrupt," a phrase which was also read very strictly by the *In re Warren* court.

In sum, *In re Warren* does not control the outcome of this case. Bankruptcy law has changed. Section 108(c), on its face, does not exclude RCW 60.04.100 from its purview. It is necessary, therefore, to examine the applicability of section 108(c) within the context of modern bankruptcy law.

### B. *The Modern Statutory Framework*

Applicability of section 108(c) in this case hinges on the applicability of another section of the Bankruptcy Code, the automatic stay provisions of 11 U.S.C. § 362. Section 362(a)(4) provides in relevant part:

(a) except as provided by subsection (b) of this section, a petition filed under ... this title ... operates as a stay, applicable to all entities, of—

.     .     .     .     .

(4) any act to create, perfect, or enforce any lien against property of the estate.

11 U.S.C. § 362(a)(4) (1982). Hand argues that section 362(a)(4) automatically stayed his ability to bring a foreclosure suit under RCW 60.04.100, and that section 108(c), which works in tandem with section 362, served to toll the eight-month enforcement period found in RCW 60.04.100.

A foreclosure suit brought pursuant to RCW 60.04.100 is "an act to ... enforce [a] lien against property of the estate" under

---

**4.** That section read:
The operation of any statute of limitations of the United States or of any State, affecting the debts of a bankrupt provable under this Act, shall be suspended during the period from the date of the filing of the petition in bankruptcy. ...
Bankruptcy Act, ch. 541, § 11(f), 30 Stat. 549 (1898) (current version at 11 U.S.C. § 108(c) (Supp. V 1987)).

section 362(a)(4). Hunters Run argues, however, that section 362(a)(4) did *not* apply to Hand, because section 362(b)(3) exempts Hand's foreclosure action from the automatic stay. We disagree. Section 362(b)(3) modifies section 362(a) as follows:

> (b) the filing of a petition under ... this title, ... does not operate as a stay—
>
> . . . . .
>
> (3) under subsection (a) of this section, of any act to perfect an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title ...

11 U.S.C. § 362(b)(3) (Supp. V 1987). In other words, "act[s] to perfect an interest in property" as defined by 11 U.S.C. § 546(b) are exempted from the automatic stay. The question, therefore, is whether section 546(b) would have permitted Hand to commence his foreclosure suit against Hunters Run as an "act to perfect an interest in property" for the purposes of section 546). If it would have, then neither section 362(a)(4) nor section 108(c) could have applied.

> Section 546(b) provides:
>
> The rights and powers of a trustee under section 544, 545, and 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection. If such law requires seizure of such property or commencement of an action to accomplish such perfection, and such property has not been seized or such action has not been commenced before the date of the filing of the petition, such interest in such property shall be perfected by notice within the time fixed by such law for such seizure or commencement.

11 U.S.C. § 546(b) (Supp. V 1987). This section allows creditors with certain types of liens to avoid the potential prejudice of section 362's automatic stay by allowing

for post-bankruptcy-petition perfection of these liens. *In re Electric City, Inc.,* 43 B.R. 336, 340 (Bankr.W.D.Wash.1984). Thus, as Hand points out, if Hand had not recorded his lien under RCW 60.04.060 *before* the bankruptcy petition was filed, then in spite of section 362(a)(4)'s language staying *perfection* of liens he could have filed notice of his lien with the bankruptcy court *after* the petition was filed because section 546(b) permits him to do so. But here, Hand had already perfected his lien by recording it under RCW 60.04.060 before Hunters Run filed its bankruptcy court petition. Hand had not commenced an action to enforce his lien under RCW 60.04.100, but RCW 60.04.100 is a statute which deals with *enforcement,* not perfection, of liens.

In essence, Hunters Run argues that Washington law requires a two-step "perfection" process: recording the lien and commencing an action to enforce it. Hunters Run cites no authority for the proposition that a lien recorded pursuant to RCW 60.04.060 is somehow not "perfected." Indeed, even the *In re Warren* court acknowledged that a Washington lien is "perfected" once the claim has been properly recorded. *In re Warren,* 192 F.Supp. at 802 and at 803. Commencement of foreclosure proceedings under RCW 60.04.100 is not an element of "perfection" exempted from section 362's stay by section 546(b); rather, it is "enforcement" which remains stayed by section 362. Consequently, section 108(c) applies to toll the enforcement period of RCW 60.04.100.[5]

Hunters Run also argues that Hand could have commenced his action to enforce his lien if he had only applied for relief from the automatic stay. This argument, however, assumes relief from the stay would have been granted. Moreover, it would require Hand to do something to perfect his lien which the Bankruptcy Code does not require. Hunters Run cites no authority for this argument and we reject it.

---

5. Hand argues that RCW 4.16.230, Washington's tolling provision, also tolled RCW 60.04.100. This may be correct, in spite of old Washington law based on the old bankruptcy law to the contrary (*see McDermott v. Tolt Land Co.,* 101 Wash. 114, 172 P. 207 (1918)). Because we hold that section 108(c) tolls RCW 60.04.100, we need not reach the question.

Our view of section 108(c)'s tolling effect is wholly consistent with that enunciated by courts in other states. For example, in a factually similar situation involving Idaho's mechanic's lien statute (which, like the Washington statute, employs the term "duration"), the bankruptcy court held that section 108(c) applied to toll Idaho's requirement that enforcement of the lien be commenced within six months. *In re Design Builders, Inc.,* 18 B.R. 392, 394–95 (Bankr.D.Idaho 1981). *See also Garbe Iron Works, Inc. v. Priester,* 99 Ill.2d 84, 75 Ill.Dec. 428, 431, 457 N.E.2d 422, 425 (1983) (section 108(c) tolls Illinois mechanic's lien enforcement period even though statute involved "not an ordinary statute of limitations since it conditions the right to enforce a mechanic's lien and not just the remedy"); *In re Houts,* 23 B.R. 705, 707 (Bankr.W.D.Mo.1982) (section 108(c) applies and section 546(b) does not because "[t]he courts distinguish, and properly so, between the act of perfecting the lien and the act of attempting to enforce it."); *In re New England Carpet Co., Inc.,* 26 B.R. 934, 939 (Bankr.D.Vt.1983) (section 546(b) applies to perfection of lien only; enforcement is stayed by section 362); *In re Victoria Grain Co. of Minneapolis,* 45 B.R. 2, 6 (Bankr.D.Minn.1984) ("... filing of mechanic's lien statement is perfection of a lien as that term is used in 11 U.S.C. § 546(b). However, clearly, the commencement of foreclosure proceedings is something other than perfection of a lien [and is therefore stayed by section 362(a) ]").

Finally, our approach here corresponds with that recently announced by the Second Circuit addressing "the question whether section 108(c) tolls the expiration of periods governing the life of statutory liens." *In re Morton,* 866 F.2d 561, 566 (2d Cir.1989). In that case, the Second Circuit held that section 108(c) operated to toll New York's ten-year period governing judgment liens on real property. *Id.* In so doing, the Second Circuit expressly rejected the approach of the bankruptcy court's opinion in this case. *Id.* As do we, the *In re Morton* court based its conclusion on statutory language. *Id.* In addition, the Second Circuit demonstrated persuasively that adherence

to congressional purpose also required its result. *See id.* at 566–67 (tolling ensures that debtor cannot take "unfair advantage" simply by filing bankruptcy petition and allowing the limitations period to run). *Cf. In re Phillips Construction Co., Inc.,* 579 F.2d 431, 432–33 (7th Cir.1978) (similar position taken by Seventh Circuit but noting that facts of *In re Warren* "arguably distinguishable").

## C. *Attorney Fees*

Hand has requested attorney fees based on a Washington statute (RCW 60.04.130) allowing the prevailing party reasonable attorney fees on appeal from a lien foreclosure action. The trial court can determine whether attorney fees are warranted under this statute on remand. *See Structurals Northwest, Ltd. v. Fifth & Park Place,* 658 P.2d 679, 684 (Wash.App.1983).

## CONCLUSION

We hold that 11 U.S.C. § 108(c) tolled the enforcement period of RCW 60.04.100. We therefore reverse and remand for further proceedings consistent with this opinion.

**REVERSED and REMANDED.**