**In re NATIONAL OIL COMPANY, a Kansas Corporation, Debtor.**

**Bankruptcy No. 85 B 07869 C.**

United States Bankruptcy Court, D. Colorado.

April 3, 1990.

See also, Bkrtcy., 80 B.R. 525.

Jon B. Clarke, Eaglewood, Colo., for trustee.

Tom Weichbrodt, Oklahoma City, Okl., for Wheatstate Oilfield Services, Inc.

ORDER ON WHEATSTATE OILFIELD SERVICES, INC. CLAIM

PATRICIA A. CLARK, Bankruptcy Judge.

This matter is before the Court upon the trustee's motion to disallow the claim of

Wheatstate Oilfield Services, Inc. (Wheatstate), and the objection thereto filed by Wheatstate.

The essential facts of the matter are as follows. Wheatstate provided pre-petition services to National Oil. Wheatstate timely filed its oil & gas mechanics' lien statements pursuant to section 55–209, Kan. Stat.Ann., during the summer of 1985. The debtor filed its petition for bankruptcy in December of 1985. Wheatstate timely filed a proof of claim for prepetition services and interest in the amount of $11,140.76. Subsequently, Wheatstate has taken no action to foreclose upon its mechanic's lien claim.

The trustee argues that under Kansas law Wheatstate's lien was not properly perfected because it failed to file suit to foreclose upon its lien within one year of the filing of the lien statement pursuant to section 60–1105, Kan.Stat.Ann.[1] The trustee relies upon the case of *In re Birdview Satellite Communications, Inc.*, 90 B.R. 465 (Bankr.D.Kan.1988), in support of his assertion. In addition, the trustee also disputes the claim amount, he maintains that the debtor's records reflect a claim for $9,131.09, not $11,140.76.

Wheatstate raises a procedural objection to the trustee modifying its claim without an adversary proceeding. Wheatstate also contends that it timely filed the mechanics liens upon which its proof of claim is based and that accordingly it is a perfected secured lienholder. It concedes that it did not proceed against the debtor to foreclose upon the liens in the state court because of the automatic stay and that it did not attempt to obtain relief from the automatic stay.

■ The Court will first resolve the procedural objection of Wheatstate. Pursuant to Bankruptcy Rule 3007, when an objection to claim is joined with a demand for relief of the kind specified in Rule 7001, the matter becomes an adversary proceeding. Hence, there is no need for the trustee to commence a separate adversary proceeding. *See, In re Magic Circle Energy Corp.*, 64 B.R. 269, 271 (Bankr.W.D.Okla. 1986).

The next issue to be examined is the amount of the lien claim. The trustee did not provide the Court with any documentation in support of its asserted amount of the claim. Wheatstate's proof of claim contains attachments relevant to the determination of the correct amount of the claim. Attached to the proof of claim are copies of the mechanics liens filed by Wheatstate against the debtor during the summer of 1985. The total amount of the liens filed equals $11,140.76. Hence, based upon the evidence before it, the Court determines that the amount of the claim is $11,140.76.

■ The final issue to resolve is whether Wheatstate's claim is secured or unsecured. The question is whether, notwithstanding the debtor's intervening bankruptcy, Wheatstate's mechanics' lien terminated because it did not foreclose upon the lien within one year of the filing of the lien statement.

Whether Wheatstate was required to take action post-petition to perfect its lien depends upon the interpretation of 11 U.S.C. §§ 108(c) and 546(b).[2] The Court

---

1. Section 60–1105, Kan.Stat.Ann., provides in part:

   An action to foreclose a lien under this article shall be brought within one year from the time of filing the lien statement ...

2. Section 108(c) provides in relevant part:

   [I]f applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

   (1) the end of such period ...; or

   (2) 30 days after notice of the termination or expiration of the stay ...

   Section 546(b) provides:

   The rights and powers of a trustee under sections 544, 545, and 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection. If such law requires seizure of such property or commencement of an action to accomplish such perfection, and such property has not been seized or such action has not been commenced before the date of the

will examine two relevant cases which have interpreted these sections as applied to mechanics' lien statutes which require foreclosure of the interest within a time certain.

The first case, *In re Birdview Satellite Communications, Inc.*, 90 B.R. 465, is relied upon by the trustee in support his argument that Wheatstate's failure to timely foreclose upon its lien resulted in the expiration of the lien, leaving Wheatstate an unsecured claimant. In *Birdview Satellite Communications*, the bankruptcy court relied upon dicta in a Kansas Supreme Court case to determine that section 60–1105(a) is a statute of duration. Then the court concluded that foreclosure is a necessary step for perfection of a mechanic's lien under Kansas law. The court summarily concluded that the appropriate manner in which to have perfected the lien would have been to file notice pursuant to 11 U.S.C. § 546(b). It also determined, without analysis, that section 108(c) did not extend or toll a statute of duration. *Id.* at 471 (citing to *In re Hunters Run Ltd. Partnership*, 70 B.R. 297, 299 (Bankr.W.D.Wash.1987), *rev'd*, 875 F.2d 1425 (9th Cir.1989)).

At the time the court in *Birdview Satellite Communications* ruled, it did not have the benefit of the opinion on appeal in *In re Hunters Run Ltd.*, 875 F.2d 1425 (9th Cir. 1989), which deals more cogently with the issue. There the circuit court reversed both the district and bankruptcy courts which had held the Section 108(c) did not apply to statute of duration. The circuit court found that the lower courts errone-

ously relied upon the legislative history of the predecessor to section 108(c), section 11(f) and cases decided under section 11(f), and that they read the legislative history of section 108(c) too narrowly.[3]

The court analyzed the interplay of sections 108(c), 362(a)(4) and (b)(3),[4] and section 546(b). The court determined that the foreclosure of a lien is not an act to perfect a lien, but rather it is an act to *enforce* a lien which is stayed by section 362(a)(4). Thus, sections 362(b)(3) and 546(b) would only apply if a mechanics' lien claimant had not recorded his lien statement before the bankruptcy petition. The court noted that its ruling was consistent with other states (which have similar statutes of duration) which held that section 108(c) tolled the enforcement of a mechanics' lien and that section 546(b) only applied to perfect the lien through the filing of the mechanics' lien statement. *Id.* at 1429 (citations omitted).

Finally, the court remarked that its approach was not only consistent with the statutory language, but that it adhered to congressional purpose, not to allow the debtor to take " 'unfair advantage' simply by allowing the limitations period to run." *Id.* (citing *In re Morton*, 866 F.2d 561, 566–67 (2d Cir.1989); *cf. In re Phillips Construction Co., Inc.*, 579 F.2d 431, 432–33 (7th Cir.1978)).

This Court is persuaded by the analysis and conclusions of *Hunters Run*. Notwithstanding the semantical dispute between statutes of limitation and duration, an action to foreclose a lien is clearly something other than the perfection of a lien.

filing of the petition, such interest in such property shall be perfected by notice within the time fixed by such law for such seizure or commencement.

3. The circuit court determined that the distinction between statutes of limitation and statutes of duration was significant under section 11(f) which applied specifically to statutes of limitation. However, it found that the plain reading of section 108(c) encompasses the mechanics' lien statute which requires that the lien be foreclosed within a time certain or that the lien shall terminate. *Id.* at 1426 (footnote 4) and 1427.

4. Section 362(a)(4) provides in relevant part:

(a) except as provided by subsection (b) of this section, a petition filed under ... this title ... operates as a stay, applicable to all entities of—
(4) any act to create, perfect, or enforce any lien against property of the estate.
Section 362(b)(3) provides in relevant part:
(b) the filing of a petition under ... this title, ... does not operate as a stay—
(3) under subsection (a) of this section, of any act to perfect an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title ...

*Accord In re Victoria Grain Co.,* 45 B.R. 2, 5 (Bankr.D.Minn.1984). The Court agrees with those circuits which have held that section 108(c) tolls the expiration of periods governing the life of statutory liens. *See In re Hunters Run Ltd. Partnership, supra* (9th Cir.); *In re Morton, supra* (2d Cir.), and *In re Phillips Construction Co., Inc., supra* (7th Cir.). Thus, the Court determines that the lien was valid and properly perfected under state law on the date that the petition was filed and that until the stay is lifted, no further action is required to maintain the perfected status of the lien.

Accordingly, the Court determines that section 60–1105, Kan.Stat.Ann., is tolled by 11 U.S.C. § 108(c) and that Wheatstate's mechanics' liens are properly perfected.

Thus, the trustee's motion to disallow claim should be denied and Wheatstate's claim of $11,140.76 should be allowed as a secured claim.

ORDERED that the trustee's motion to disallow the claim of Wheatstate Oilfield Services, Inc., is denied.

FURTHER ORDERED that the claim of Wheatstate Oilfield Services, Inc., shall be allowed as a secured claim in the amount of $11,140.76.