

**ORDERED PUBLISHED**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. CC-18-1066-TaLS |
| KEVAN HARRY GILMAN, | Bk. No. 1:11-bk-11603-VK |
| Debtor. | |
| TAMMY R. PHILLIPS; TAMMY R. PHILLIPS, A PROFESSIONAL LAW CORPORATION, | |
| Appellants, | |
| v. | OPINION |
| KEVAN HARRY GILMAN, | |
| Appellees. | |
| TAMMY R. PHILLIPS; TAMMY R. PHILLIPS, A PROFESSIONAL LAW CORPORATION, | BAP No. CC-18-1101-STaL |
| Appellants, | Bk. No. 1:11-bk-11603-VK |
| v. | Adv. No. 1:11-ap-01389-VK |
| KEVAN HARRY GILMAN, | |
| Appellee. | |

Argued and Submitted on November 29, 2018
at Pasadena, California

Filed – July 12, 2019

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Victoria S. Kaufman, Bankruptcy Judge, Presiding

————

Appearances:    Charles Quentin Jakob argued for Appellants; Mark E. Ellis of Ellis Law Group, LLP, argued for Appellee.

————

Before: TAYLOR, LAFFERTY, and SPRAKER, Bankruptcy Judges.

TAYLOR, Bankruptcy Judge:

## INTRODUCTION

Appellants, Tammy R. Phillips and Tammy R. Phillips, a Professional Corporation (jointly, "Creditors"), obtained an $8,250 judgment against debtor, Kevan Gilman. Under California law, they were entitled to recover reasonable attorneys' fees in obtaining and collecting this amount, and the state court awarded them about $100,000 in prepetition fees. Apparently other state court fee requests were pending or are anticipated as they asserted that total state court fees approximate $1,000,000.

In this chapter 7 case, they obtained a determination that Debtor was not entitled to a discharge. They also actively litigated issues in the main

case itself. The bankruptcy court determined that they were entitled to an award of reasonable fees in connection with this activity. Creditors requested approximately $750,000 in fees arising from main case activity and $1,400,000 in fees in the adversary proceeding. They also requested costs. The bankruptcy court awarded $137,907.66 and $166,453.58, respectively, in fees and costs. This appeal arises from the reduced awards.

Given that proportionality is not a hallmark of Creditors' approach, the appeals before us raise a multitude of issues. We address the appeals in three documents that we file concurrently. In this opinion, we address an issue of first impression that was a partial basis for fee reduction in both the main case and the adversary proceeding: the applicability of CCP § 685.080,[1] which creates a two-year deadline for requesting fees incurred in collection activities, and § 108(c)(2), which tolls the time for certain actions during the pendency of a bankruptcy case. We conclude the bankruptcy court correctly found CCP § 685.080 applicable to these requests for an award of postpetition fees and unaffected by § 108(c). Accordingly, we discern no error in the reduction of the requested fees on this basis and AFFIRM the bankruptcy court's orders in this regard. In separate, unpublished decisions, we address the bankruptcy court's further

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule " references are to the Federal Rules of Bankruptcy Procedure, all "Civil Rule" references are to the Federal Rules of Civil Procedure, and all "CCP" references are to the California Code of Civil Procedure.

reduction of the requested fees.

**FACTS**

In 2011, Debtor filed a chapter 7 petition and scheduled his debt to Creditors. He also scheduled an ownership interest in real property in Van Nuys, California and, in relation to this real property, claimed an enhanced homestead exemption.

Creditors actively participated in the bankruptcy case. They filed an adversary proceeding and obtained a judgment under § 727 that denied Debtor a discharge. During the course of this litigation and four years after filing the adversary proceeding, they filed a motion for partial judgment on the pleadings as to an attorneys' fees claim for relief, seeking a determination that they were entitled to recover fees and costs incurred in the discharge litigation; but they did not seek an immediate award of fees. The bankruptcy court granted the motion and specified that the adversary litigation was enforcement of a judgment for purposes of CCP § 685.040. As Creditors did not request it, the order did not rule on the appropriateness of any specific fees and costs.

Through litigation in the main case, Creditors also successfully blocked Debtor's request for a homestead exemption enhancement. Litigation continues on their attempt to block the entirety of Debtor's asserted homestead exemption.

Having prevailed (in part) on their exemption objection, Creditors

4

filed a motion in the main case under CCP § 685.040 and other theories to recover their attorneys' fees and costs. They requested a lodestar award of $756,425 plus other costs. All of the requested fees and costs were incurred postpetition and in the bankruptcy proceeding.

In the meantime and after denial of Debtor's discharge, Creditors filed a motion in the adversary proceeding and requested an award of $1,400,000 in attorneys' fees plus other costs associated with the adversary proceeding under CCP § 685.040.

After a hearing, the bankruptcy court entered memorandum decisions and separate orders granting in part and denying in part the two CCP § 685.040 motions. It awarded Creditors $134,214.50 in fees and $3,693.16 in costs in the main case and $162,613.60 in fees and $3,839.98 in costs in the adversary proceeding. In determining these reductions, it found that $322,000.05 of the fees in the main case and $942,154 of the fees in the adversary proceeding were time-barred and subject to disallowance under CCP § 685.080.

Creditors timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Do CCP §§ 685.040 and 685.080 apply to Creditors' fee request?

Does § 108(c) toll the time limits of CCP § 685.080 in this case?

## STANDARD OF REVIEW

We review "de novo questions of law concerning entitlement to attorney's fees." *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F.3d 812, 828 (9th Cir. 2018).

## DISCUSSION

The bankruptcy court disallowed 3,200.39 in billed hours, amounting to $1,264,154.05 in fees, because they were incurred more than two years before the motions were filed. In doing so, the bankruptcy court enforced CCP § 685.080. Creditors argue, on appeal, that CCP § 685.080 is not applicable to their fee request for a variety of reasons and that § 108(c) tolled the application of the two year period.[2] We begin with their first position; we disagree.

### A. California Code of Civil Procedure §§ 685.040 and 685.080 govern Creditors' fee request.

Under CCP § 685.040, a judgment creditor "is entitled to the reasonable and necessary costs of enforcing a judgment[,]" including, in some situations, attorneys' fees. Cal. Code Civ. Proc. § 685.040. Under CCP § 685.040, attorneys' fees are collectible only when otherwise provided by law. *Id.* Here, neither party disputes that the statute supporting the $8,250 judgment, the Rosenthal Fair Debt Collection Act, allows a prevailing party

---

[2] Creditors raise substantially the same arguments in the two appeals.

to collect fees.

Neither we nor the parties located a case discussing the intersection of CCP § 685.040 and § 108(c). The Ninth Circuit, however, has applied CCP § 685.040 in a federal diversity case. Federal diversity litigants may invoke CCP § 685.040 through Civil Rule 69, which applies in bankruptcy proceedings through Rule 7069. *See Carnes v. Zamani*, 488 F.3d 1057, 1060 (9th Cir. 2007); Fed. R. Bankr. P. 7069. CCP § 685.040 is not, however, without limitations. As the Ninth Circuit noted in *Carnes v. Zamani*: "Because their right to recover post-judgment attorney fees is dependent on [CCP § 685.040], the Carneses were required to comply with the timeliness requirements for post-judgment attorney fee motions set forth in the [California Enforcement of Judgments Law]." 488 F.3d at 1061. The Ninth Circuit noted that these requirements include CCP § 685.080. *Id.*

CCP § 685.080 limits the amount that a judgment creditor may otherwise recover under CCP § 685.040: "The judgment creditor may claim costs authorized by [CCP §] 685.040 by noticed motion. The motion shall be made before the judgment is satisfied in full, but not later than two years after the costs have been incurred." Cal. Code Civ. Proc. § 685.080(a).

In its ruling, the bankruptcy court concluded that CCP § 685.040 applied and that, under CCP § 685.080, only fees incurred within two years of the fee motions were eligible for allowance.

Creditors first argue that the statute's "two-year provision" is purely

7

procedural state law and thus does not apply in a federal bankruptcy court. They try to distinguish *Carnes* by saying that it involved application of Civil Rule 69, while the present case involves Civil Rule 54 motions for prevailing on the merits. But Civil Rule 54, made applicable in bankruptcy cases by Rule 7054, does not provide an independent basis for an award of attorneys' fees following success in a § 727 action or an objection to exemptions. Similarly, neither § 727 nor any other provision of the Code or Rules include a relevant, statutory fee-shifting provision, and Civil Rule 54 awards attorneys' fees only when a judgment, statute, or rule so provides. Fed. R. Civ. P. 54(d)(2)(B)(ii).

For that matter, Creditors never told the bankruptcy court they were relying on Civil Rule 54. In their main case motion, Creditors never discussed Civil Rule 54; they relied on CCP §§ 685.040 and 685.080, the common fund doctrine, and the private attorney general doctrine. So too in the adversary proceeding motion, they sought fees solely under CCP § 685.040. Creditors again made this clear in their main case reply paper filed with the bankruptcy court: "Plaintiffs claim fees under [CCP] 685.040." Bk Dkt No. 510 at 12.[3] So we reject Creditors' suggestion that they moved under

---

[3] Creditors' characterizing their motions as under Civil Rule 54 for "prevailing on the merits" is blatantly inconsistent with their previous position. In the main case and adversary proceeding reply brief they filed with the bankruptcy court, they excoriated Debtor for suggesting otherwise: "The opposition memorandum is full of whoppers. Section 685.040 does not require Plaintiffs to prove they are 'prevailing parties.' " Bk

(continued...)

Civil Rule 54 and that *Carnes* is thus distinguishable. They did not; it is not.

Second, Creditors suggest that the two-year look-back provision would not begin to run until the denial of discharge. They reason: a chapter 7 debtor is presumptively entitled to a discharge; a judgment creditor must prevail in a non-dischargeability proceeding to avoid that result; if the judgment creditor fails, then the debt and associated right to enforcement costs, is discharged; as a result, because the denial of discharge is an independent precondition to an award of fees, the two-year period begins to run from the denial of discharge. We disagree.

In their motions, Creditors claimed they were seeking fees under CCP § 685.040 (i.e., collecting their state court judgment), not for seeking denial of discharge or for excepting their claim from the discharge injunction; and the bankruptcy court concluded fees were warranted because Creditors' collection activities were compensable under CCP § 685.040. On appeal Creditors would now have us treat the *denial of discharge* as the CCP § 685.040 judgment. But this is inapt; they are entitled

---

[3](...continued)
Dkt No. 510 and AP Dkt No. 700 at 5 (same page in each document); *see also id.* at 9 ("[CCP 685.040] does not require courts to determine 'prevailing parties' as the identity of such parties is already known (they are 'judgment creditors')."); *id.* at 18 ("There is no 'prevailing party' analysis under Section 685.040."). Similarly, in the adversary proceeding motion, they affirmatively stated: "Plaintiffs do not need to establish themselves as 'prevailing partes,' at least for purposes of securing an award of attorneys' fees as enforcement costs under Code of Civil Procedure 685.040." AP Dkt No. 674-10 at 26.

to fees only because they incurred the fees in the adversary proceeding and main case in an attempt to collect the statue court judgment.[4]

Third, Creditors argue that equitable tolling, federal preemption, and the rule against interpreting statutes to permit mischief or absurdity apply. None of these arguments are persuasive. They cite no caselaw saying that equitable tolling applies to CCP § 685.080.[5] And they argue no facts that

---

[4] Further, Creditors' present argument (i.e., that they could wait until after discharge was denied to file their fee request) is different from the approach they argued in their main case reply filed with the bankruptcy court:

> The argument that a fee motion should be delayed until an appeal is decided is part of a playbook of dirty tactics used by losing attorneys who hope delay will give them leverage (or assuage angry clients). It is routinely ignored. In fact, federal courts have developed a body of law allowing parties to seek "interim fees" to avoid the liquidity problems defense counsel seeks to cause.

Bk Dkt No. 510 at 8 (citations omitted). In short, Creditors themselves point out that they could have sought "interim fees."

Finally, at the hearing, the bankruptcy court noted that Creditors knew some time ago that CCP § 685.040 applied: "This was the first time that you requested fees and costs pursuant to the statute, even though you had filed a request to determine if the statute was applicable, which is . . . something you did long ago. You could have requested them then." Hr'g Tr. (June 7, 2017) 32:10–15. Creditors' counsel replied: "Yeah, yes." *Id.* at 32:16. The bankruptcy court then faulted Creditors for not seeking fees earlier. *Id.* at 32:21–24, 33:1–5.

[5] Creditors claim *Gray1 CPB, LLC v. SCC Acquisitions, Inc.*, 233 Cal. App. 4th 882, 897 (2015) stands for the proposition that CCP §§ 685.070 and 685.080's timing provisions are subject to equitable tolling. It does not:

(continued...)

10

justify a conclusion that the bankruptcy court erred in refusing to apply the doctrine. They twice refer to preemption. The first time, they state that § 108(c) preempts CCP § 685.080's two-year limitation. But this is not quite accurate. As discussed below, § 108(c) does not apply to the present circumstances, so whether it preempts CCP § 685.080 is immaterial. That said, when § 108(c) does apply, it does "not operate without regard to existing nonbankruptcy law to stop the running of any periods of limitation." *Smith v. Smith (In re Smith)*, 352 B.R. 702, 706 (9th Cir. BAP 2006); *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1073 (2d Cir. 1993) ("The

---

(...continued)

> Lastly, Gray1 urges us to find sections 685.070, subdivision (b) and 685.080, subdivision (a) were equitably tolled, thus making its motion for postjudgment costs timely. Equitable tolling is a judicially created doctrine that permits the tolling of a statute of limitations. (*McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal. 4th 88, 100, 84 Cal. Rptr. 3d 734, 194 P.3d 1026.) Equitable tolling is invoked " ' "[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one." ' [Citations.]" (*Ibid.*) The Enforcement of Judgments Law provides two remedies through which a judgment creditor may obtain an order for postjudgment attorney fees as costs: section 685.070, subdivision (b) [memorandum of costs] and section 685.080, subdivision (a) [motion for costs]. Equitable tolling does not apply in this matter because Gray1's action to set aside fraudulent liens was an effort to satisfy Gray1's judgment, not an effort to collect postjudgment attorney fees that had not yet been awarded by the court.

*Gray1 CPB, LLC v. SCC Acquisitions, Inc.*, 233 Cal. App. 4th 882, 897 (2015). In any event, Creditors did not seek attorneys' fees by a memorandum of costs as opposed to their present motion for costs, so they did not pursue one remedy in good faith over the other and, thus, equitable tolling would not apply.

reference in § 108(c)(1) to 'suspension' of time limits clearly does not operate in itself to stop the running of a statute of limitations; rather, this language merely incorporates suspensions of deadlines that are expressly provided in *other* federal or state statutes."). As the plain language of § 108(c) states, the prepetition statute of limitations expires the later of either the end of the period or 30 days after termination of the stay. 11 U.S.C. § 108(c). The second time they refer to preemption is in a heading, but they do not elaborate on it any further. Last, the bankruptcy court's decision does not lead to mischief.

Fourth, Creditors argue that the bankruptcy court inconsistently "derided" them for filing numerous discovery and sanctions motions while simultaneously holding that, under CCP § 685.080, they needed to file their fee requests earlier. We disagree: each type of motion relies on a different source of authority; as a result, each motion is constrained by that particular controlling authority's limitations.

Fifth, Creditors perfunctorily state that judicial estoppel, equitable estoppel, and quasi-estoppel apply, but they either provide no analysis for these points or repeat arguments that we have already addressed. We consider them no further. *Christian Legal Soc. Chapter of Univ. of California v. Wu*, 626 F.3d 483, 487 (9th Cir. 2010) ("[W]e won't consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief. Applying this standard, we've refused to address claims that were

only argued in passing or that were bare assertions . . . with no supporting argument.") (internal quotation marks and alterations omitted).

Last, in connection with the adversary proceeding, Creditors argue that Debtor was required to plead the time limitation as an affirmative defense because it is in the nature of a statute of limitations and a limitations defense is forfeited if not timely raised. Again, we disagree. Creditors cite no authority holding that CCP § 685.080's time limitation is forfeitable. To the contrary, the time limitations are built into the statute itself and are more properly read as an element of recovery. *See Carnes*, 488 F.3d at 1061 ("Because their right to recover post-judgment attorney fees is dependent on [CCP § 685.040], the Carneses were required to comply with the timeliness requirements for post-judgment attorney fee motions set forth in the [California Enforcement of Judgments Law].").

In sum, Creditors rely on CCP § 685.040 to recover attorneys' fees. But CCP § 685.080 limits the reach of CCP § 685.040 to attorneys' fees incurred within two years. So says California law; and, according to the Ninth Circuit, this limitation applies in federal courts when a movant invokes CCP § 685.040. Accordingly, in the absence of § 108(c) tolling, the bankruptcy court appropriately disallowed recovery of fees and costs incurred more than two years before the motions were filed. We now turn to the tolling question.

13

**B.    Section 108(c) does not toll application of CCP § 685.080 to postpetition fees.**

To reach our conclusion, we consider the plain language of the statute and the Code's purposes.

**The statute's plain language.** We begin, as usual, with the statute's text. *United States v. Ron Pair Enters.*, 489 U.S. 235, 241 (1989). Section 108(c) provides:

> Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of–
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

11 U.S.C. § 108(c).

Application of § 108(c) turns in the present case on consideration of the following five elements: (1) applicable nonbankruptcy law; (2) must fix

a period; (3) to commence or continue a civil action on a claim against the debtor; (4) in a court other than a bankruptcy court; and (5) that period must not have expired when the petition is filed.

The first three elements are present. The applicable nonbankruptcy law is CCP §§ 685.040 and 685.080. Under CCP § 685.040, a judgment creditor "is entitled to the reasonable and necessary costs" of collecting a judgment, including, as here, attorneys' fees. Cal. Code Civ. Proc. § 685.040. CCP § 685.080 also limits the amount that a judgment creditor may otherwise recover under CCP § 685.040 by imposing two time limits: "The judgment creditor may claim costs authorized by [CCP §] 685.040 by noticed motion. The motion must be made before the judgment is satisfied in full, but not later than two years after the costs have been incurred." Cal. Code Civ. Proc. § 685.080(a). In § 108(c)'s terms, CCP § 685.080 fixes a period in which a judgment creditor may commence a claim for collection costs against the debtor. So the first three elements of § 108(c) are present in this case.

The fourth and fifth elements, however, have not been met.

Creditors filed their CCP § 685.080 motions with the bankruptcy court, thereby affirmatively invoking the bankruptcy court's jurisdiction and asking it for relief. This was appropriate as all requested fees relate to postpetition activity before the bankruptcy court and related to the bankruptcy case. By their conduct, Creditors demonstrate that CCP

15

§ 685.080 did not require Creditors to act "*in a court other than a bankruptcy court*"; this fact alone renders § 108(c) inapplicable to their motions. And, the fact that the automatic stay did not prevent Creditors from filing their motions with the bankruptcy court underscores this point.

Next, Creditors sought approval under CCP § 685.080 for attorneys' fees incurred *postpetition*. By its plain language, § 108(c) *extends* prepetition statutes of limitation or duration at risk of expiring postpetition; it applies if "such period has not expired before the date of the filing of the petition . . . ." 11 U.S.C. § 108(c).[6] Because all of the fees were incurred postpetition, CCP § 685.080's two-year period did not commence prepetition and, again, § 108(c) does not apply.

A plain language application of § 108(c), then, compels this result: § 108(c) did not suspend the application of CCP § 685.080 when Creditors filed their motions, seeking approval of attorneys' fees incurred postpetition, with the bankruptcy court.

**The Code's purposes.** As we interpret § 108(c), we recognize that the Ninth Circuit's § 108(c) decisions have consistently looked at the purposes

---

[6] Section 108(a), which extends time periods for a trustee, has nearly identical temporal language. It begins: "If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition . . . ." 11 U.S.C. § 108(a). And § 108(a) "applies only to causes of action which the debtor possesses on the date of the order for relief and not to those which arise or are acquired by the trustee thereafter." 2 Collier on Bankruptcy 108.02[4] (16th ed. 2019).

of the Code. For instance, in *West v. United States (In re West)*, the Ninth Circuit rejected what it called a plain language (or literal) interpretation of § 108(c). 5 F.3d 423, 426 (9th Cir. 1993). Under the Code, a chapter 13 plan must provide for full payment of claims entitled to priority under § 507; § 507, in turn, gives priority to tax debts assessed within 240 days prepetition. *Id.* at 424–25. The debtors filed a joint chapter 13 petition; the IRS asserted a priority claim for taxes; and the debtors then dismissed the case but later filed individual chapter 13 petitions. *Id.* at 424. The Internal Revenue Service argued that its tax claims were entitled to priority because § 108(c) and Internal Revenue Code § 6503 suspended the 240-day priority period in § 507. *Id.* at 424. On appeal, the Ninth Circuit agreed with the IRS.

In doing so, the Ninth Circuit noted that a plain language interpretation of § 108(c) would have "frustrate[d] the Bankruptcy Code's intricate scheme for the payment of tax claims . . . ." 5 F.3d 423, 426 (9th Cir. 1993). "Interpreting § 108(c) literally[,]" it said, "would allow a debtor to create an 'impenetrable refuge' by filing a bankruptcy petition, waiting for § 507(a)(7)'s priority periods to expire, and then dismissing the case and refiling shortly thereafter." *Id.* Instead, the Ninth Circuit concluded that § 108(c) incorporated provisions of the Internal Revenue Code that suspended the statute of limitations on tax collections while a debtor was in bankruptcy. *Id.* at 427 (adopting the reasoning of *Brickley v. United States (In re Brickley)*, 70 B.R. 113 (9th Cir. BAP 1986)).

Our interpretation of § 108(c) here does not frustrate the Code's purposes.[7] Unlike the situation confronted in *West*, the Code does not have an intricate scheme devoted to affording Creditors additional rights or treatment: they were unsecured creditors, and they remain unsecured creditors. Rather, matters affecting a claim may be fully litigated before the bankruptcy court.

Nor, for that matter, does our decision frustrate the purpose of CCP § 685.080's time limit. Quite to the contrary, our decision is entirely consistent with CCP § 685.080, which imposes two time limitations on a CCP § 685.040 motion. First, the motion must be filed before the judgment is satisfied; and, second, it must be filed within two years of the date the costs were incurred. The California Supreme Court explained the policy purpose behind the first limitation:

> Moreover, section 685.080's time limit serves a policy purpose
> of its own, to prevent unfair surprise to the judgment debtor.
> [T]he statutory purpose of requiring that the motion for

[7] Our considering the Code's purposes is further sanctioned by the Ninth Circuit's § 108(c) precedent, past and recent. In *Miner Corporation v. Hunters Run Limited Partnership (In re Hunters Run Limited Partnership)*, a case we discuss below, the Ninth Circuit referred, approvingly, to a then-recent Second Circuit decision, *In re Morton*: "As we do, the *In re Morton* court based its conclusion on statutory language. In addition, the Second Circuit demonstrated persuasively that adherence to congressional purpose also required its result." 875 F.2d 1425, 1427 (9th Cir. 1989) (citation omitted) (citing *Morton v. Nat'l Bank of N.Y.C. (In re Morton)*, 866 F.2d 561, 566 (2d Cir. 1989)). More recently, the Ninth Circuit "expressly adopt[ed]" *In re Morton*. *Daff v. Good (In re Swintek)*, 906 F.3d 1100, 1106 (9th Cir. 2018).

18

enforcement costs be brought 'before the judgment is satisfied in full' (§ 685.080, subd. (a)) is to avoid a situation where a judgment debtor has paid off the entirety of what he [justifiably] believes to be his obligation in the entire case, only to be confronted later with a motion for yet more fees." (*Lucky United Properties Investment, Inc. v. Lee*, supra, 185 Cal. App. 4th at p. 144, 110 Cal. Rptr. 3d 159.)

*Conservatorship of McQueen*, 59 Cal. 4th 602, 615–16 (2014). In short, the time limits in CCP § 685.080 serve to prevent the judgment debtor from unnecessary surprise in relation to the quantum of collection expense.[8] Our present ruling is in full accord with this policy.[9]

In sum, the bankruptcy court correctly excluded the attorneys' fees incurred more than two years before Creditor's motion seeking collection.

## C. The Ninth Circuit's § 108(c) caselaw does not require a different result.

Our decision, phrased differently, states: even if the automatic stay

---

[8] A typical chapter 7 debtor would be indifferent to a CCP § 685.080 motion if the creditor holds a dischargeable, unsecured claim.

[9] In its order on Creditors' motion for a judgment as a matter of law in the adversary proceeding, the bankruptcy court stated that it would determine the reasonableness of attorneys' fees at the conclusion of the adversary proceeding; then, as already noted, at the conclusion of the adversary proceeding the bankruptcy court concluded that Creditors needed to file motions on an interim basis. On its face, this appears discordant. But this is not enough to reverse the bankruptcy court's decision. First, the bankruptcy court did not prohibit Creditors from filing CCP § 685.040 motions or memoranda at two-year intervals. Far from it. Instead, it stated that it would *rule* on the motions at the conclusion of the litigation. Second, litigants are obliged to preserve their rights to the extent they believe courts commit reversible error.

blocks acts taken in a nonbankruptcy forum, § 108(c) does not toll a deadline when the creditor can obtain the specific relief at issue from the bankruptcy court. This arguably conflicts with language used by the Ninth Circuit in previous § 108(c) cases—in them, the Ninth Circuit identifies that one factor dictates whether § 108(c) applies: whether the automatic stay applies. *Daff v. Good (In re Swintek)*, 906 F.3d 1100, 1105 n.4 (9th Cir. 2018) ("[T]he determinative factor for tolling is whether the stay prevented [the judgment creditor] from enforcing her judgment by executing on her lien."); *Spirtos v. Moreno (In re Spirtos)*, 221 F.3d 1079, 1081 (9th Cir. 2000) ("Here, [the judgment creditor] is barred by the automatic stay from collecting on a judgment by attaching the debtor's assets which have become property of the estate. It is the creditor's inability to enforce the judgment for a portion of the ten-year period that keeps the period of duration open under section 108(c)."); *Miner Corporation v. Hunters Run Limited Partnership (In re Hunters Run Limited Partnership)*, 875 F.2d 1425, 1427 (9th Cir. 1989) ("Applicability of section 108(c) in this case hinges on the applicability of another section of the Bankruptcy Code, the automatic stay provisions of 11 U.S.C. § 362.").

We recognize that the stay prevented Creditors from enforcing their judgment against Debtor outside the bankruptcy claims process. So a hyper-literal read of the Ninth Circuit's language suggests that § 108(c) should apply. But we reach a different result because, for § 108(c) to apply,

all of its elements must be met.

In each of those cases, the creditor was required to act in a non-bankruptcy forum to preserve or enforce its rights (i.e., our fourth identified element). In *Hunters Run*, the applicable non-bankruptcy law required the judgment creditor to file an action "in the proper court" to enforce a lien—and the stay prohibited the creditor from doing that. 875 F.2d at 1426 n.2 (quoting Wash. Rev. Code Ann § 60.04.100 (West Supp. 1989)). In *In re Spirtos*, the applicable non-bankruptcy law required the judgment creditor to "fil[e] an application for renewal of the judgment *with the court in which the judgment was entered*." Cal. Civ. Proc. Code § 683.120(a) (emphasis added); *see In re Spirtos*, 221 F.3d at 1080 (referring to Cal. Civ. Proc. Code § 683.110). And in *In re Swintek*, the applicable non-bankruptcy law stated that the lien would expire in one year "unless extended or sooner terminated *by the [state] court*." *In re Swintek*, 906 F.3d at 1103 (emphasis added) (quoting Cal. Civ. Proc. Code § 708.110(d)). The application of § 108(c) in those contexts, then, makes sense: § 108(c) applies when applicable nonbankruptcy law sets a deadline "for commencing or continuing a civil action *in a court other than a bankruptcy court . . . .*" 11 U.S.C. § 108(c). As we note above, Creditors filed their motions *with the bankruptcy court*.[10] And nothing—not even the automatic stay—prevented

---

[10] In *Duchek v. Jacobi*, the Ninth Circuit held that a district court, sitting in

(continued...)

Creditors from doing so. *Snavely v. Miller (In re Miller)*, 397 F.3d 726, 730 (9th Cir. 2005) ("The automatic stay does not apply to proceedings initiated against the debtor if the proceedings are initiated in the same bankruptcy court where the debtor's bankruptcy proceedings are pending.").

In addition, in each of the cases, the creditor was prevented by the automatic stay from preserving *prepetition* rights that were at risk of expiring postpetition (i.e., our fifth identified element). In *Hunters Run*, the lien was created in September 1985 and set to expire in May 1986, but the debtor filed bankruptcy in March 1986. 875 F.2d at 1425–26. In *In re Spirtos*, the judgment was acquired in 1983 and set to expire in 1993, but the debtor filed bankruptcy in 1987. 221 F.3d at 1080. In *In re Swintek*, the lien was acquired in June 2010 and set to expire in June 2011, but the debtor filed bankruptcy in August 2010. 906 F.3d at 1102. In the present case, Creditors' time to seek recovery of postpetition fees began to run postpetition and expired two years after postpetition fees were incurred. As to fees disallowed under CCP § 685.080 in this case, the petition had been filed before that time period.

In short, § 108(c) does not apply to the present facts for reasons not

---

[10](...continued)
diversity and through Civil Rule 69, could use state court procedures to enforce the judgment even though the state court procedures limited jurisdiction to state courts. 646 F.2d 415 (9th Cir. 1981). This does not undercut our point; *Duchek* does not stand for the proposition that a judgment creditor could, for instance, renew their state court judgment or ORAP lien by filing a renewal with the bankruptcy court.

22

addressed in the Ninth Circuit's previous § 108(c) precedent. Put differently, in each of the prior cases, the Ninth Circuit considered a different part of the statute than we do now. In *Hunters Run*, the Ninth Circuit held: first, that the relevant language of § 108(c) had been updated to include statutes of duration in addition to statutes of limitation; second, that Washington law did not require the commencement of foreclosure proceedings before a lien was "perfected"; and, third, as a result, commencement of foreclosure proceedings was not exempted from the automatic stay by § 546(b). 875 F.2d at 1426–28. In *In re Spirtos*, the Ninth Circuit was concerned with *when* the limitations period expired. 221 F.3d at 1081 ("Thus, the period of duration under Cal. Civ. Pro. Code § 683.020 will not expire until 30 days after all the assets in [the debtor's] estate have been finally distributed, an event that has not yet occurred."). Last, *In re Swintek* analyzed the third element. 906 F.3d at 1103–04 ("Specifically, we must determine whether the period in which a creditor may execute on an ORAP lien constitutes 'commencing or continuing a civil action' under the bankruptcy code's tolling provision."); *cf. id.* at 1107 (Wardlaw, J., dissenting) ("I respectfully dissent. The plain language of 11 U.S.C. § 108(c), the Bankruptcy Code's extension provision, applies to fixed periods of time only 'for commencing or continuing a civil action . . . .' ").

Last, the present situation does not involve a judgment creditor potentially losing its prepetition claim by not acting within a particular

23

time period, as in *In re Spirtos* and *Hunters Run*. Nor, for that matter, does it involve a judgment creditor losing the secured status of its prepetition claim, as in *In re Swintek*. Instead, here, Creditors assert an unsecured claim and they, through their motions, seek to increase the amount of that unsecured claim by adding postpetition attorneys' fees for collection efforts to the judgment's principal. *Lucky United Properties Inv., Inc. v. Lee*, 185 Cal. App. 4th 125, 138 (2010), *as modified on denial of reh'g* (June 28, 2010) ("When postjudgment enforcement costs are allowed, they become part of the principal amount of the judgment."). Despite our ruling, Creditors remain unsecured creditors subject to the same treatment as all other unsecured creditors.

## CONCLUSION

In sum, we conclude that, when a creditor voluntarily files a CCP § 685.080 motion with the bankruptcy court for an award of postpetition attorneys' fees, § 108(c) does not toll the two-year limitation in CCP § 685.080. As a result, Creditors have not shown that the bankruptcy court erred when it disallowed fees on this basis. Accordingly, we AFFIRM.