**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 25 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TAMMY R. PHILLIPS, et al., | No. 19-60056 |
| Appellants, | BAP No. 18-1100 |
| v. | |
| KEVAN HARRY GILMAN, et al., | MEMORANDUM[*] |
| Appellees. | |
| TAMMY R. PHILLIPS, et al., | No. 19-60057 |
| Appellants, | BAP No. 18-1101 |
| v. | |
| KEVAN HARRY GILMAN, | |
| Appellee. | |
| TAMMY R. PHILLIPS, et al., | No. 19-60058 |
| Appellants, | BAP No. 18-1066 |
| v. | |
| KEVAN HARRY GILMAN, | |
| Appellee. | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the Ninth Circuit
Taylor, Lafferty III, and Spraker, Bankruptcy Judges, Presiding

Submitted November 19, 2020[**]
Pasadena, California

Before: CALLAHAN and BUMATAY, Circuit Judges, and PRESNELL,[***] District Judge.

Tammy R. Phillips and Tammy R. Phillips, A Professional Law Corporation (Creditors), appeal three Bankruptcy Appellate Panel (BAP) dispositions that affirm a number of adverse rulings in Bankruptcy Court proceedings of Kevan Harry Gilman (Debtor): *In re Gilman*, 2019 WL 3096872 (9th Cir. BAP 2019) (*Gilman I*); *In re Gilman*, 2019 WL 3074607 (9th Cir. BAP 2019) (*Gilman II*); *In re Gilman*, 603 B.R. 437 (9th Cir. BAP 2019) (*Gilman III*).[1] We have jurisdiction under 28 U.S.C. § 158(d) and affirm all the rulings at issue.

"We review decisions of the BAP de novo, and we apply the same standard of review to the bankruptcy court's decision that the BAP applied." *In re Gardens Reg'l Hosp. & Med. Ctr., Inc.*, 975 F.3d 926, 937 (9th Cir. 2020). "We review for

---

[**]    The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Gregory A. Presnell, United States District Judge for the Middle District of Florida, sitting by designation.

[1]    Because the parties are familiar with the facts, we restate only those necessary to explain our decision.

an abuse of discretion [a] court's decision not to sanction [a party] under Rule 37." *Magnetar Techs. Corp. v. Intamin, Ltd.*, 801 F.3d 1150, 1155 (9th Cir. 2015). "We review the denial of sanctions under Bankruptcy Rule 9011 for an abuse of discretion." *In re Marino*, 37 F.3d 1354, 1358 (9th Cir. 1994). For rulings on motions for sanctions under the Bankruptcy Court's inherent power to sanction, we also review for abuse of discretion. *See In re Deville*, 361 F.3d 539, 547 (9th Cir. 2004).

Under abuse of discretion, we affirm unless the court below "applied the wrong legal standard or its findings were illogical, implausible or without support in the record." *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)). We may affirm "on any basis supported by the record." *United States v. Gonzalez-Rincon*, 36 F.3d 859, 866 (9th Cir. 1994) (citing *United States v. Washington*, 969 F.2d 752, 755 (9th Cir. 1992)).

We review issues of statutory construction, such as whether California's anti-SLAPP statute applies to affirmative defenses, de novo. *See Einstein/Noah Bagel Corp. v. Smith* (*In re BCE W., L.P.*), 319 F.3d 1166, 1170 (9th Cir. 2003). We review questions of law concerning entitlement to attorney's fees de novo, but review the amount of attorney's fees awarded for abuse of discretion. *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F.3d 812, 828 (9th Cir. 2018).

3

1.     Creditors' challenge to the Bankruptcy Court's denial of sanctions under Rule 37 for Debtor's denials of certain Requests for Admission is not persuasive. Given Debtor's medical history and then-ongoing medical evaluations, Debtor "had a reasonable ground to believe that [he] might prevail on the matter." *See* Fed. R. Civ. P. 37(c)(2)(C). Creditors fail to show that the Bankruptcy Court's denial of Rule 37 sanctions was without basis in the record, or illogical or implausible. *See Hinkson*, 585 F.3d at 1262.

2.     We also find unpersuasive Creditors' challenge to the Bankruptcy Court's denial of sanctions under Rule 9011, 11 U.S.C. § 105(a), and the Bankruptcy Court's inherent power to sanction (Rule 9011 Motion), asserting generally that Debtor and his counsel acted in bad faith in litigating the disability enhancement. Given the evidence of Debtor's medical conditions and his testimony regarding his depression and lack of full-time work, Creditors have not shown that the Bankruptcy Court's ruling was without support in the record, implausible, or illogical. *See id.*

3.     Similarly, Creditors fail to show that the Bankruptcy Court erred in denying the Rule 9011 Motion as to Debtor's request for mediation sanctions. The Bankruptcy Court ordered all parties to appear personally at the mediation, but Phillips failed to appear, although she was available by telephone. As such, Phillips failed to follow the Bankruptcy Court's order. Creditors likewise fail to

4

establish that the Bankruptcy Court erred in denying the Rule 9011 sanctions as to Debtor's disqualification motion.  The Bankruptcy Court recognized that Debtor's motion was colorable, because there existed state precedent supporting Debtor's position.  Thus, the Bankruptcy Court's finding that Debtor's requests were not baseless was not implausible, illogical, or without support in the record.  *See Hinkson*, 585 F.3d at 1262.

4.      Creditors' objections to the Bankruptcy Court's award of $2,000 to Debtor for opposing the Rule 9011 Motion are unavailing.  First, "[c]ase law interpreting Rule 11 is applicable to Rule 9011." *Shalaby v. Mansdorf* (*In re Nakhuda*), 544 B.R. 886, 899 (9th Cir. BAP 2016) (citing *Marsch v. Marsch* (*In re Marsch*), 36 F.3d 825, 829 (9th Cir. 1994)).  Thus, Rule 9011 motions, like Rule 11 motions, "cannot be served after the [lower] court has decided the merits of the underlying dispute giving rise to the questionable filing." *See Islamic Shura Council of S. Cal. v. F.B.I.*, 757 F.3d 870, 873 (9th Cir. 2014).

Second, our subsequent vacation of the 2016 homestead exemption judgment in 2018 does not change the fact that Creditors untimely filed their Rule 9011 Motion after the Bankruptcy Court had already ruled on "the underlying dispute[s] giving rise to" the Rule 9011 Motion  *See id.*

5

Third, Creditors' contention that Debtor's counsel has not filed a 11 U.S.C. § 329 statement fails to show that the Bankruptcy Court lacked discretion to shift fees from Creditors to Debtor.

Finally, whether Debtor's counsel may have some conflict issues (not before this Court) does not establish that the Bankruptcy Court abused its discretion in shifting fees from Creditors to Debtor, given that Debtor had to expend costs to oppose the Rule 9011 Motion.

5.      Nor do we agree with Creditors' assertion that the BAP erred in deferring to the district court's ruling on the anti-SLAPP appeal because it was not decided on the merits.  The district court rejected the appeal precisely because it held that the anti-SLAPP statute did not apply to Debtor's affirmative defense.  We agree with the district court that the plain language of the statute and precedent make clear that the statute does not apply to affirmative defenses such as Debtor's offset defense.  The statute applies to a "cause of action" contained in a "complaint" or a "cross-complaint."  Cal. Code Civ. Proc. § 425.16(b)(1), (h); *see also* § 425.16(a) (stating that the purpose of the anti-SLAPP statute is to limit "lawsuits"); *Batzel v. Smith*, 333 F.3d 1018, 1025–26 (9th Cir. 2003).

6.      Creditors mistakenly contend that California Code of Civil Procedure § 685.080's "two-year" provision limiting fees and costs does not apply to their § 685.040 fee motions because § 685.080 is procedural state law.  We have

6

specifically held that where a party's "right to recover post-judgment attorney fees is dependent on section 685.040, [it is] required to comply with the timeliness requirements for post-judgment attorney fee motions set forth in the [California Enforcement of Judgments Law]," which includes § 685.080. *Carnes v. Zamani*, 488 F.3d 1057, 1061 (9th Cir. 2007). Creditors moved explicitly under § 685.040 for fees in enforcing their state court judgment.

Moreover, the BAP correctly noted that "the time limitations are built into the statute itself and are more properly read as an element of recovery." *See Gilman III*, 603 B.R. at 443. Creditors have not established that the time limit can be waived, tolled, or extended here. Creditors mistakenly rely on *Highland Springs Conference & Training Center v. City of Banning*, 42 Cal. App. 5th 416 (2019), for the proposition that § 685.080 was tolled until they prevailed in the Bankruptcy Court. Unlike in *Highland*, the Bankruptcy Court proceedings here were not for the purpose of seeking pre-judgment fees incurred in obtaining a judgment, *see id*. at 425, but post-judgment fees in enforcing the state court judgment.

Furthermore, Creditors' argument that 11 U.S.C. § 108(c) extends the time-limit in § 685.080 fails. As the BAP correctly explained, § 108(c) does not apply here because Creditors filed their fee motions *in* the Bankruptcy Court for fees

incurred *after* Debtor filed his bankruptcy petition. *See Gilman III*, 603 B.R. at 444–45.

7. While Creditors do not argue that the Bankruptcy Court abused its discretion in denying any particular category of timely fees, they unpersuasively assert that the Bankruptcy Court erred in not assessing recoverability at the "macro" level by looking to the "purpose of the action," citing *Globalist Internet Technologies, Inc. v. Reda*, 167 Cal. App. 4th 1267 (2008). *Globalist* does not support Creditors' contrived "purpose of the action rule," but rather assumes the unremarkable proposition that it is within a trial court's province to assess the reasonableness of fees. *Id*. at 1276. Creditors also broadly argue that the Bankruptcy Court was not specific enough in its fee cut explanations, contending that a fee request should not be reduced more than ten percent without a more specific explanation, citing *Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008). However, the Bankruptcy Court spent six pages in its main case fee ruling parsing Creditors' individual fee categories and providing specific reasons for disallowance, which the BAP further reviewed. *See Gilman I*, 2019 WL 3096872, at *6. The Bankruptcy Court spent seven pages in its adversary proceeding fee ruling reviewing the individual fee categories set forth in Creditors' fee application, which the BAP also further reviewed. *See Gilman II*, 2019 WL 3074607, at *17. Given the lack of specific objections from Creditors and the

detailed analyses by the Bankruptcy Court and the BAP, Creditors fail to establish abuse of discretion in any particular fee disallowance.[2]

**AFFIRMED**.

---

[2] Creditors' requests for judicial notice, Dkt. 48 (Appeal No. 19-60056); Dkt. 39 (Appeal No. 19-60057); Dkt. 42 (Appeal No. 19-60058), are **GRANTED**.